UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

THIEN TRAN (a/k/a Thien Quoc Trinh)

    Plaintiff,

v.

FAIRFAX CABLE ACCESS CORPORATION (D/B/A FAIRFAX PUBLIC ACCESS) *et al.*,

    Defendants.

Civil Case No. 10-1090 (RJL)

## MEMORANDUM OPINION
(January 17, 2011)

Before the Court is defendant Fairfax Public Access Corporation's ("FPA") motion to dismiss. Plaintiff Thien Tran ("plaintiff" or "Tran"), proceeding *pro se*, alleges that Liem Duong Bui and Be Bay Ngyuen ("defendants Bui and Ngyuen"), producers of a public-access television show, and FPA (together, "defendants"), are liable for broadcasting defamatory statements about him. Because Tran fails to establish subject matter jurisdiction, the Court GRANTS defendant FPA's motion to dismiss.

### BACKGROUND

Tran is a resident of Fairfax County, Virginia. Compl. ¶ 1. He alleges that defendants Bui and Ngyuen produced, hosted, and broadcasted a public-access television show in which they and their guests libeled, slandered, and defamed him. Compl. ¶¶

2-3. Tran concedes that the show was aired on FPA in Virginia, Compl. ¶ 2, and that FPA is located (as its name suggests) in Fairfax County, Virginia. Alleging common-law defamation and invoking Virginia law,[1] Tran seeks $500,000 in compensatory and $500,000 in punitive damages.

## ANALYSIS

Defendant FPA moves to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(1), (3), and (6). Because Rule 12(b)(1) focuses on subject matter jurisdiction, and thus a court's power to hear a plaintiff's claim, "a Rule 12(b)(1) motion imposes on the court an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority." *Grand Lodge of the Fraternal Order of Police v. Ashcroft*, 185 F. Supp. 2d 9, 13 (D.D.C. 2001). Accordingly, when deciding a Rule 12(b)(1) motion for lack of subject matter jurisdiction, a court may give closer scrutiny to a plaintiff's factual allegations than it does when evaluating a Rule 12(b)(6) motion for failure to state a claim. *Id.* Plaintiff, however, does not carry the burden of establishing subject matter jurisdiction – even under the "less stringent standards" of scrutiny afforded to the pleadings of *pro se* litigants, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Richardson v. United States*, 193 F.3d 545, 548 (D.C. Cir. 1999). How so?

"Federal district courts are courts of limited jurisdiction and 'possess only that

---

[1] Although Tran cites two federal statutes, neither establishes a relevant cause of action. 47 U.S.C. § 558, *see* Compl. ¶ 6, does not establish a cause of action and instead provides cable operators immunity from certain claims. And 18 U.S.C. § 1341, *see* Pl.'s Resp. to D.'s Mot. to

power conferred by Constitution and statute.'" *Patterson v. District of Columbia Housing Auth.*, 691 F. Supp. 2d 117, 118 (D.D.C. 2010) (quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994)). Under 28 U.S.C. § 1331, federal district courts have jurisdiction over civil actions arising under the Constitution, laws, or treaties of the United States, and under 28 U.S.C. § 1332(a) "may have jurisdiction over state common law disputes that arise between citizens of different states where the amount in controversy exceeds $75,000." *Patterson*, 691 F. Supp. 2d at 119; *see also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 513 (2006). There is a presumption against jurisdiction and a plaintiff seeking jurisdiction bears the burden of establishing it. *Kokkonen*, 511 U.S. at 377. If at any time a court determines that it lacks subject matter jurisdiction, it "must dismiss the action." FED. R. CIV. P. 12(h)(3).

Tran, unfortunately, does not establish subject matter jurisdiction under either 28 U.S.C. § 1331 or § 1332 because his complaint does not present a cause of action arising under the Constitution, federal law, or U.S. treaties. Nor does his common-law defamation claim, which alleges violation of Virginia statutes. Compl. ¶¶ 6, 7. Finally, Tran fails to meet the diversity of citizenship requirements of § 1332(a): he concedes, as he must, that all parties reside in, or principally operate in, Fairfax, Virginia. Compl. ¶¶ 1, 2.

---

Dismiss ¶ IV(1), pertains to mail fraud, not defamation.

As such, Tran fails to establish subject matter jurisdiction in this Court and FPA's motion to dismiss for subject matter jurisdiction [Dkt. #6] must be GRANTED. An order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge